STATE, HORACE BALDWIN, PROSECUTOR, v. THE GOLDEN STAR FRATERNITY.

1. Right of an appointee to recover benefits on the decease of a member of the Golden Star Fraternity, under its charter and laws, considered.
2. The Common Pleas, on appeal from the District Court, has no power to review findings of fact.

On *certiorari.*

Argued at November Term, 1884, before Justices VAN SYCKEL and KNAPP.

For the plaintiff, *Headley & Hassell.*

For the defendant, *J. A. Beecher.*

The opinion of the court was delivered by

KNAPP, J. This *certiorari* removes the judgment of the Essex Common Pleas reversing, on appeal, the judgment of the District Court in the city of Newark. In the District Court the plaintiff in *certiorari* recovered against the defendant the sum of $100, as so much due to him as the appointed beneficiary of his deceased wife through her membership of the defendant corporation.

It is not seriously contended on the argument here that the determination of the District Court was wrong, if the facts found by that court are controlling; and in the Common Pleas it is conceded, and, as I think, properly, that the legal conclusions of the District Court are correct upon its view of the facts.

The case was originally tried without a jury. The judge found that the plaintiff's wife was, at the time of her death, in such membership of the corporation as, under the laws and regulations of that body, gave title to be paid the prescribed benefits at death; that she was at her death such member in

good standing; that at her death she was in arrears for dues and assessments, but had not been suspended from membership by the subordinate council to which she was attached; and that her husband was her appointed beneficiary.

Proceeding upon these facts as established by the evidence, under the constitution and laws of the society the recovery was adjudged. The legal questions raised were whether failure to pay into the council an advance assessment on application to become a beneficiary member, approved by the proper authority, or the delivery to the applicant of a certificate of such membership, were essential as conditions precedent to membership. The District Court held them not to be, and in that conclusion I concur. Article VII., § 1 of the constitution of the society provides that "each and every member, upon becoming members of the beneficiary fund, shall pay to the financial secretary [of the subordinate council] the amount of one assessment," &c. In section 2 of article VI. it is provided that "members    *    *    *    who fail to pay any of their assessments to the beneficiary fund shall be suspended from all privileges of the fraternity. If any council permits a member liable to said suspension to remain in good standing, it must pay said    *    *    *    assessments out of its general funds." Beneficial membership in this body arises through medical examination by an officer of the subordinate council, approved by the supreme council or its officers. Then the duty arises on the member to pay the advance assessment into the treasury of the subordinate council, whence it may be drawn when needed by the corporation to pay benefits. If it be not paid by the member the council may suspend, but if it does not exercise this power, and it is plainly contemplated that it may not, the corporation does not suffer, for the council is liable, and membership remains. As to the certificate, on the approval of an application for beneficial membership by the corporation, its certificate is sent to the subordinate council, but its possession by a member or its issuance is, nowhere in the laws and regulations of the society, made essential to membership or requisite evidence of it.

But the determination of the Pleas was not based upon any error in the conclusions of law of the court below, but on an objection to the finding of fact that plaintiff's wife was a beneficial member of defendant society; and held that the District Court should have so found, and therefore the appellate court decided the fact to be otherwise. This was not within the cognizance of the Pleas on appeal. It could only determine the case upon the facts as found on the correctness of the legal principles involved. The evidence is not brought up on appeal to review the correctness of the judge's conclusions therefrom. The provisions of the District Court act for the city of Newark in this respect are fully considered in *Guerin* v. *Rodwell*, 8 *Vroom* 70, and *Benedict* v. *Howell*, 10 *Vroom* 221.

In the reasons for reversal it is objected that the Pleas had no power to give final judgment in the cause, but could only order, on reversal, judgment to be entered below. This objection is valid under the case of Guerin *v.* Rodwell, above cited.

We conclude that the judgment of the Pleas should be reversed, with costs, and the judgment of the District Court affirmed.